IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL NATHAN MARTINEZ, #1303718, PETITIONER, | § § § § | |
| v. | § § § § | CIVIL CASE NO. 3:22-CV-1389-E-BK |
| DIRECTOR, TDCJ-CID, RESPONDENT. | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I. BACKGROUND**

In 2005, a jury convicted Petitioner Michael Nathan Martinez of robbery and sentenced him to 16 years' imprisonment. Doc. 7 at 2 (Am. Pet.); *State v. Martinez*, No. F04-57213 (291st Jud. Dist. Ct., Dallas Cnty., May 12, 2005). He was released on mandatory supervision (parole), but that parole was revoked on November 16, 2016. Doc. 4 at 6. Martinez states that he filed a time-credit dispute-resolution request (TDR) on or about February 8, 2020, complaining the

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Board of Pardons and Paroles had forfeited his 2,596 days of street-time credits. Doc. 9 at 1. He states that an adverse decision was issued on September 15, 2021. Doc. 9 at 1. Martinez then unsuccessfully sought state habeas relief. *Ex parte Martinez*, No. WR-93,788-01 (Tex. Crim. App. June 15, 2022) (denied without order).[2] On June 28, 2022, he filed this federal habeas petition. Doc. 3. He challenges the modification of his sentence and forfeiture of his street-time credits on due process grounds. Doc. 3 at 5-8; Doc. 7 at 6.

As his federal petition appeared untimely, the Court directed Martinez to respond regarding the application of the one-year limitations period, which he has now done. Doc. 9 at 2. Having now reviewed all the pleadings, the Court concludes that Martinez's federal habeas petition was filed well after the expiration of the one-year limitations period. Because no exception applies, it should be dismissed as time barred.

## II. ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider sua sponte after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on the revocation of parole and denial of street-time credit. *See Stone v. Thaler,* 614 F.3d 136, 137-38 (5th Cir. 2010). So a petitioner's one-year limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §

---

[2] The docket sheet is available at https://search.txcourts.gov/Case.aspx?cn=WR-93,788-01&coa=coscca (last accessed Jan. 25, 2023).

2244(d)(1)(D). In the context of parole revocation and the denial of street-time credit, the one-year period commences on the date of the parole revocation. *See Stone*, 614 F.3d at 138; *Fife v. Dir., TDCJ-CID*, No. 6:11CV205, 2011 WL 5217848, at *2 (E.D. Tex. Oct. 6, 2011), *R. & R. adopted*, 2011 WL 5196720 (E.D. Tex. Oct. 31, 2011). In addition, statutory tolling is appropriate for: (1) up to 180 days from the filing of a TDR, *Stone*, 614 F.3d at 139; and (2) any time a properly filed application for state collateral relief is pending, 28 U.S.C. § 2244(d)(2).

In this case, Martinez indicates his parole was formally revoked on November 16, 2016. Doc. 4 at 6. without any tolling, his federal habeas corpus petition was due one year later on November 16, 2017. Martinez, however, presented his TDR in February 2020 and filed his state habeas application on March 7, 2022—long *after* the one-year period for filing a federal petition had expired.[3] So neither the TDR nor state habeas application tolls the one-year limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after limitations elapsed). Consequently, Martinez's federal habeas petition—deemed filed at the earliest on June 24, 2022, more than four years after the one-year period elapsed—is clearly outside the one-year limitations period.[4]

To excuse his delay, Martinez asserts that "TDCJ-ID's Resolution System took [time] to respond to Petitioner's claim." Doc. 3 at 14. In his *Answers to the Magistrate Judge's Questionnaire*, he states that the TDR decision was issued on September 15, 2021 "due to the enormous delays set forth through TDCJ Classification and Records Department." Doc. 9 at 1.

---

[3] The state habeas application is deemed filed on March 7, 2022, the date on which Martinez certified signing it and likely also placed it in the prison mail system. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application).
[4] The federal petition is deemed filed on June 24, 2022, the date Martinez certifies placing it in the prison mail system. Doc. 3 at 15; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("mailbox rule" applies when inmates use the prison's internal mailing system).

Martinez also vaguely references "COVID-19 leave's of absence in the TDCJ System." Doc. 9 at 2. Notably, in his original federal petition and state habeas application, Martinez stated that he received the TDR decision in March 2020, *not* September 2021. Doc. 3 at 6; *Application for Writ* at p. 4.[5] That notwithstanding, even assuming his allegation regarding delay to be true, the result is the same since Martinez concedes filing the TDR long after the limitations period elapsed and therefore, as previously stated, is not entitled to statutory tolling.

Martinez also ambiguously avers, "I am still awaiting a 'result' in the Court of Criminal Appeals of Texas." Doc. 9 at 2. He asserts, "the last notification received was dated May 13, 2022." Doc. 9 at 2. The Court of Criminal Appeals, however, denied Martinez's state application on June 15, 2022. Further, in his original federal petition, Martinez admitted that "the Court of Criminal Appeals of Texas [had] denied the petition without a written order." Doc. 3 at 7. Consequently, this assertion likewise lacks merit.

### B. Equitable Tolling

Martinez does not request equitable tolling in his pleadings. Doc. 9 at 2. That notwithstanding, his filings, even when liberally construed based on his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoted case omitted). Notably, "the extraordinary circumstances . . . must result from external factors

---

[5] The *Application for Writ* and *Clerk's Record – 11.07* in Case No. W04572313A are both available at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on Jan. 25, 2023)

beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (quotations and quoted case omitted). It is well established that equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). And unexplained delays do not show due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("'[E]quity is not intended for those who sleep on their rights.'" (citations omitted)).

Here, Martinez did not pursue "the process with diligence and alacrity[.]" *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year limitations period. Martinez waited over two years after his parole revocation to file his TDR and, after it was denied, he delayed at least another six months to file his state habeas application. These extended periods of inactivity indicate a lack of due diligence. And Martinez's pleadings are silent about the reasons for his delays.

Furthermore, Martinez's *pro se* status and his unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder*, 204 F.3d at 171 ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

In short, Martinez has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his federal petition. On this record, he has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III. CONCLUSION

For all these reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on February 10, 2023.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).